UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAMAR MAURICE WILLIAMSON                CIVIL ACTION

VERSUS                                  NUMBER: 08-4693

STATE OF LOUISIANA, ET AL.              SECTION: "J"(5)


### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Lamar Maurice Williamson, against defendants, the State of Louisiana, the Parish of St. Tammany, the Slidell Police Department, Chief of Police Fred Drennan, Captain Rob Callahan, and Officer Shawn Maddox.

Plaintiff is an inmate of the St. Tammany Parish Jail, Covington, Louisiana. Plaintiff alleges that during the course of his arrest on April 17, 2007 he was attacked by Officer Maddox's K-9 dog even though he was unarmed, was not in flight, and had announced his intention to surrender. Plaintiff seeks various forms of relief including a substantial amount of monetary damages.

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915.  A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Because 42 U.S.C. §1983 contains no statute of limitations, federal courts look to the most analogous state statute of limitations had the action been brought in state court. <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938 (1985).  In Louisiana, delictual actions are subject to a prescriptive period of one year. LSA-C.C. Art. 3492; <u>Elzy v. Roberson</u>, 868 F.2d 793, 794 (5th Cir. 1989).  The prescriptive period begins to run from the moment the plaintiff knows or has reason to know of the injury that forms the basis of his complaint.  <u>Helton v. Clements</u>, 832 F.2d 332, 334-35 (5th Cir. 1987).

Plaintiff was obviously aware of the alleged dog attack of which he complains at the time of its occurrence on April 17, 2007. At that point, the one-year prescriptive period for bringing a

2

§1983 action began to run and had long since expired when plaintiff signed his complaint on September 22, 2008. Plaintiff's §1983 claim is clearly prescribed and should thus be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). <u>Graves v. Hampton</u>, 1 F.3d 315, 319 (5th Cir. 1993).

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  27th  day of  October , 200_.

                                              ALMA L. CHASEZ
                            UNITED STATES MAGISTRATE JUDGE